**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4779**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL JOHN LUTHER GRIFFIN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:13-cr-00072-IMK-MJA-1)

Submitted:  April 5, 2017                                     Decided:  April 10, 2017

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Sarah W. Montoro, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael John Luther Griffin appeals the district court's judgment imposing a sentence of 12 months' imprisonment upon revocation of his supervised release. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court erred when it sentenced Griffin. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Webb*, 738 F.3d at 640 (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010); *see* 18 U.S.C. §§ 3553(a), 3583(e) (2012). Our review of the record leads us to conclude that Griffin's sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Griffin, in writing, of the right to petition the Supreme Court of the United States for further review. If Griffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Griffin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*